FILED

2026 Jun-15 PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

|  |  |
|---|---|
| **LASHAWN TURNER,** *et al.*,<br><br>    **Plaintiffs**,<br><br>**v.**<br><br>**U.S. MARSHALS,** *et al.*,<br><br>    **Defendants**. | **Case No. 3:25-cv-1586-HDM** |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff LaShawn Turner, on behalf of herself and her children, brings this action against the United States Marshals Service (the "Marshals"), the Madison County Sheriff's Office (the "Sheriff's Office"), and the Huntsville Police Department SWAT Team ("SWAT"), seeking damages for personal belongings in her apartment, which were sprayed with teargas during the execution of a warrant for the arrest of Turner's ex-boyfriend. (Doc. 1). The Marshals, Sheriff's Office, and SWAT each individually move to dismiss Turner's Complaint. (Docs. 8, 22, 26). For the reasons explained herein, the Defendants' motions, (docs. 8, 22, 26), are due to be **GRANTED**.

## BACKGROUND

On August 21, 2024, the United States Marshals Service assisted the Madison County Sheriff's Office in the arrest of Turner's ex-boyfriend, Travance Lott. (Doc. 1-1 at 5). Lott, who previously lived with Turner, was wanted under two Sex Offender Registration and Notification Act warrants. *Id.* at 1. On August 21, 2024, Lott was seen at Turner's apartment, and Turner was contacted and advised to come to the scene. *Id.* The Madison County Special Weapons Team and the Huntsville Police Department SWAT Team also arrived at the scene. *Id.* They deployed teargas into the apartment to force Lott to come out. (Doc. 1 at 5).

Two days later, Turner filed an administrative tort claim with the Marshals in which she sought $10,000 for property damage. (Doc. 1-1 at 5). She amended her claim to seek $70,000 on September 20, 2024. *Id.* Turner's administrative tort claim was denied, and the denial letter was mailed to her on March 3, 2025. (Doc. 22-1). She received the denial letter on March 7, 2025. (Doc. 22-2). The denial letter instructed her that if she was dissatisfied with the Marshals' determination, she should file suit "no later than six months after the date of the mailing of this denial." (Doc. 1-1 at 5).

Turner filed the present action on September 16, 2025. (Doc. 1). In her Complaint, she alleges that "[t]he Special Operations (SWAT) overly submerge[d] my apartment with tear gas." *Id.* at 5. She alleges that, as a result, she had to leave

all her belongings in her apartment and she and her children were displaced for thirteen months and endured homelessness, public embarrassment, and financial hardship. *Id.* at 4–5. She seeks $200,000 for property damages and emotional distress. *Id.* at 5.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks omitted). Similarly, a formulaic recitation of the elements of a cause of action is inadequate. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering the facts, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must merely produce enough facts to "raise a reasonable expectation that discovery will reveal evidence" of the necessary elements. *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). The pleading standard "requires only a plausible short and plain statement of the

3

plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). At this stage, the issue is "not whether [the plaintiff] will ultimately prevail . . . but whether his complaint was sufficient to cross the federal court's threshold." *Id.* (internal quotation marks and citations omitted).

## DISCUSSION

All of Turner's claims against the United States Marshals Service, the Madison County Sheriff's Office, and the Huntsville Police Department SWAT Team are due to be dismissed.

### I.    The Marshals

Claims under the FTCA are "forever barred" if (1) not presented in writing to the appropriate federal agency within two years after such claims accrue, and (2) an action is not "begun within six months after *the date of mailing*, by certified or registered mail, of notice of final denial of the claim . . . ." 28 U.S.C. § 2401(b) (emphasis added); *see also* 28 C.F.R. § 14.9(a) ("The notification of final denial . . . shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification."); *Harris v. United States*, 627 F. App'x 877, 878–79 (11th Cir. 2015).

Here, the letter denying Turner's administrative claim was mailed on March 3, 2025. (Doc. 22-1). She did not file her Complaint until September 16, 2025—

4

thirteen days after the statutory deadline. (*See* Doc. 1). Accordingly, she failed to file this action within six months of the mailing of her administrative denial, as required by 28 U.S.C. § 2401(b). The Eleventh Circuit has strictly enforced the six-month filing requirement. *See Bello v. United States*, 757 F. App'x 819, 821–24 (11th Cir. 2018) (finding plaintiff's complaint was time-barred because it was filed eleven days after the six-month limitations period ended). *See also Dotson v. United States*, 30 F.4th 1259, 1268 (11th Cir. 2022) (holding that plaintiffs' FTCA claims were untimely under § 2401(b) because they were filed more than six months after the mailing of the denial letter); *Shoff v. United States*, 245 F.3d 1266, 1268 (11th Cir. 2001) (affirming dismissal of plaintiff's complaint because it was not filed within the six-month limitation of § 2401(b)). Accordingly, her claims are presumptively "forever barred."

But the United States Supreme Court has held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). Equitable tolling applies only when a plaintiff "has pursued [her] rights diligently but some extraordinary circumstance prevents [her] from meeting a deadline." *See id.* at 408 (internal quotation marks omitted). "[T]he principles of equitable tolling . . . do not extend to . . . a garden variety claim of excusable neglect." *Dotson*, 30 F.4th at 1269. Turner bears the "difficult burden" of demonstrating

equitable tolling of the limitations period is appropriate. *Id.* at 1268–69; *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004). She has not done so here.

Here, Turner's administrative tort claim denial letter was mailed on March 3, 2025, (doc. 22-1), and she received it on March 7, 2025, (doc. 22-2). The denial letter clearly stated that if she wished to file suit, she must do so "*no later than six months after the date of the mailing of this denial*." (Doc. 1-1 at 5) (emphasis added). Accordingly, Turner had clear notice of the date by which she must file suit, yet she filed suit thirteen days after the statutory cutoff. Even assuming she mistakenly counted six months from the date the denial letter *arrived* rather than from the date on which it was *mailed*—an assumption that the court is not required to make and which, even if true, the court need not consider as warranting equitable tolling— Turner filed her lawsuit nine days late.

In her Response to the Marshals' Motion to Dismiss, Turner states that "it has taken [her] some time to file [her] civil suit" because she "was pregnant and . . . was going through so many different emotions[,] like depression[,] etc." (Doc. 23). She also explains that she was "trying to find [her] and [her] children a place to live." *Id.* While the court is sympathetic to Turner's situation, these explanations do not demonstrate that she has "pursued [her] rights diligently" or that "some extraordinary circumstance prevent[ed] [her] from meeting [the] deadline." *See Wong*, 575 U.S. at 420. Turner does not show that her pre-cutoff circumstances

prevented her from filing her complaint. Nor does she give any indication that her circumstances materially changed between the time when her Complaint was due and the time when she filed it, indicating that she was just as capable of filing it by the statutory cutoff as she was of filing it two weeks later.

Turner has not met her burden of showing that she is entitled to equitable tolling, and accordingly, her claims under the Federal Tort Claims Act are time-barred and, thus, due to be dismissed.[1]

## II.    The Sheriff's Office and SWAT

Turner's complaint includes parties designated as the "Madison County Sheriff's Office" and "Special Operations (SWAT)" as defendants. (Doc. 1 at 2). These defendants are not legal entities capable of being sued.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, the capacity of a party to be sued shall be determined by the law of the state where the court is located—in this case, Alabama. Fed. R. Civ. P. 17(b). *See also Dean v. Barber*, 951

---

[1] Even if the court did toll the statute of limitations, Turner has not named the correct defendant. "The United States is the only proper defendant in an FTCA action." *Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006) (citing 28 U.S.C. § 2679(a), (b)). *See also Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir. 1975) (affirming dismissal of claim filed against the Veterans Administration and other defendants because the United States was the proper defendant). Furthermore, even if a federal agency generally has the power to sue and be sued in its own name, a plaintiff cannot sue that agency when the claim is the type of tort claim covered by the FTCA—for those claims, one must sue the United States instead. 28 U.S.C. § 2679(a). Based on the explicit statutory language, a federal government agency cannot be sued under the FTCA, and a claim under the FTCA against a federal agency as opposed to the United States must be dismissed for want of jurisdiction. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also Simpson*, 184 F. App'x at 908.

F.2d 1210, 1214–15 (11th Cir. 1992); *Harrison v. Chambers Cnty. Police Dep't*, No. 3:24-669, 2025 WL 1108568, at *1 (M.D. Ala. Feb. 19, 2025) ("Whether a police department may be sued is determined under the law of the state where the district court sits."), *report and recommendation adopted*, No. 3:24-cv-669, 2025 WL 1107007 (M.D. Ala. Apr. 14, 2025). The Alabama Supreme Court has noted that "the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority." *Ex parte Dixon*, 55 So. 3d 1171, 1172 n.1 (Ala. 2010). Among the "subordinate entities generally lacking the capacity to sue or be sued separately are police departments." *Id.*

In keeping with this principle, the Alabama Supreme Court has consistently held that departments of counties and cities are not legally suable entities. *See, e.g.*, *Ex parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003) ("It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit."); *King v. Colbert Cnty.*, 620 So. 2d 623, 626 (Ala. 1993) ("King's complaint named the 'Colbert County Sheriff's Department' as a defendant. The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it."); *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991) ("The Chambers County Sheriff's Department is not a legal entity subject to suit. Therefore, a cause of action may not be maintained against the Chambers County Sheriff's Department.").

This is precisely how the Eleventh Circuit has interpreted Alabama law as well. *See Dean*, 951 F.2d at 1214 (explaining that because "[s]heriff's departments and police departments are not usually considered legal entities subject to suit," the "district court . . . correctly dismissed [the plaintiff's] case against the Jefferson County Sheriff's Department"); *Williams v. Miami-Dade Police Dep't*, 297 Fed. App'x 941, 945 (11th Cir. Oct. 29, 2008) (affirming dismissal of a police department because it did not have the capacity to be sued under state law).

District courts in Alabama have followed suit. *See, e.g.*, *Harrison*, 2025 WL 1108568, at *1 ("[I]t consistently has been held that police departments are *not* proper defendants under Alabama law . . . . [The plaintiff's] claims against the entity designated as the 'Chambers County Police Department' therefore are due to be dismissed"); *Jackson v. Dothan City Police Dep't*, No. 1:10-cv-126, 2010 WL 1489308, at *1 (M.D. Ala. Mar. 22, 2010) (dismissing police department as not subject to suit under section 1983), *report and recommendation adopted*, No. 1:10-cv-126, 2010 WL 1489327 (M.D. Ala. Apr. 13, 2010); *Johnson v. Andalusia Police Dep't*, 633 F. Supp. 2d 1289, 1301 (M.D. Ala. 2009) ("[The plaintiff's] claims against the Andalusia Police Department must fail because police departments are generally not considered legal entities subject to suit.").

Accordingly, the "Madison County Sheriff's Office" is not a distinct legal entity capable of being sued. This reasoning also applies to "Special Operations

9

(SWAT)," which is not a municipality, corporation, governmental body, or independent legal entity. It is, at most, a specialized operational unit within a law enforcement agency, namely the Huntsville Police Department. Accordingly, SWAT, like Madison County Sheriff's Office, is not a suable entity.

All claims against Madison County Sheriff's Office and Special Operations (SWAT) are therefore due to be dismissed.

### III.    Futility of Amendment

Generally, "when a more carefully drafted complaint might state a claim, a *pro se* litigant must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Alberto v. Sec'y, Fla. Dep't of Corr.*, 770 F. App'x 467, 469 (11th Cir. 2019) (internal quotation marks omitted). "A court may nevertheless dismiss a *pro se* complaint with prejudice where any amendment would be futile—that is, where even a more carefully drafted complaint could not state a claim." *Id.* (internal quotation marks omitted).

Amendment of Turner's claims against the Marshals would be futile because those claims are time-barred under § 2401(b). Amendment of her claims against the Sheriff's Office and SWAT would be futile because they are not legal entities capable of being sued, and thus no claims against them, no matter how well drafted, could proceed. But Turner could, theoretically, amend her complaint to bring claims against proper defendants. Accordingly, while amendment of claims against the

10

Sheriff's Office and SWAT would be futile, she may be able to state claims against proper defendants if she files an amended complaint that names suable defendants and otherwise addresses the deficiencies identified in Defendants' motions to dismiss.

## CONCLUSION

Because Turner's claims against the United States Marshals Service are time-barred, thus making amendment futile, her claims against the Marshals are **DISMISSED WITH PREJUDICE**. Because the Madison County Sheriff's Office and Special Operations (SWAT) are not suable entities, Turner's claims against those defendants are **DISMISSED WITHOUT PREJUDICE**. Although amendment would be futile as to those defendants, Turner may be able to amend her complaint to name proper defendants.

Turner has until **July 15, 2026**, to amend her complaint. If she chooses to file an amended complaint, it must name suable entities or individuals and otherwise address the concerns laid out in Defendants' motions to dismiss. If she does not file an amended complaint by that date, the court will close the action and dismiss any remaining claims without further notice.

**DONE** and **ORDERED** on June 15, 2026.

_____
**HAROLD D. MOOTY III**
UNITED STATES DISTRICT JUDGE